In re TMI LITIGATION

Lori Dolan; Joseph Gaughan; Ronald Ward; Estate of Pearl Hickernell; Kenneth Putt; Estate of Ethelda Hilt; Paula Obercash; Jolene Peterson; Estate of Gary Villella; Estate of Leo Beam, Appellants No. 96–7623.

In re TMI Litigation

All Plaintiffs Except Lori Dolan, Joseph Gaughan, Ronald Ward, Estate of Pearl Hickernell, Kenneth Putt, Estate of Ethelda Hilt, Paula Obercash, Jolene Peterson, Estate of Gary Villella and Estate of Leo Beam, Appellants No. 96–7624.

In re TMI Litigation

All Plaintiffs; Arnold Levin; Laurence Berman; Lee Swartz, Appellants No. 96–7625.

Nos. 96–7623, 96–7624, 96–7625.

United States Court of Appeals, Third Circuit.

Jan. 4, 2000.

Before: GREENBERG and McKEE, Circuit Judges, and GREENAWAY, District Judge*

## ORDER AMENDING OPINION

**IT IS HEREBY ORDERED,** that the Slip Opinion filed in this case on November 2, 1999 [193 F.3d 613], be amended as follows:

On page 85 [193 F.3d at 665], at the conclusion of the sentence, "With the parameters of our inquiry in mind, the teachings of *Daubert* and the aforementioned scientific principles as guideposts, we can now proceed to apply the yard-

* The Honorable Joseph A. Greenaway, Jr., United States District Judge for the District of New Jersey, sitting by designation.

stick of *Daubert* to the expert opinions at issue here and determine if they were properly excluded under the Rules of Evidence." insert as footnote number 93 the following text:

Our recent holding in *Padillas v. Stork–Gamco, Inc.*, 186 F.3d 412 (3d Cir.1999), does not assist our inquiry. In *Padillas*, the defendant moved for summary judgment, arguing that the plaintiff's expert's report did not meet *Daubert* standards for admissibility. The District Court excluded the expert's report and granted summary judgment to the defendant without an *in limine* hearing. We reversed and remanded for an *in limine* hearing.

We were concerned with the process the District Court must generally use in exercising its gatekeeping role under *Daubert*. We noted that "[w]e have long stressed the importance of *in limine* hearings under Rule 104(a) in making the reliability determination required under Rule 702 and *Daubert*." *Id.* at 417 (quoting *United States v. Downing*, 753 F.2d 1224, 1241 (3d Cir. 1985); *In Re Paoli Railroad Yard PCB Litigation*, 916 F.2d 829, 854 (3d Cir.1990)("*Paoli I*"); and *Hines v. Consolidated Rail Corp.*, 926 F.2d 262, 272 (3d Cir.1991)), especially when a *Daubert* challenge is made in the context of a summary judgment motion or where summary judgment will inevitably be granted if the proffered evidence is excluded. Thus, we expressed our belief that an *in limine* hearing is important, even in the absence of a request for such a hearing by the proponent of the expert testimony, because of the District Court's "independent responsibility for the proper management of complex litigation," and because the plaintiff "need[s] an opportunity to be heard" on the critical issues of scientific reliability and validity. *Id.* When afforded such an "opportunity to be heard," a plaintiff has a chance to have his or her expert demonstrate and explain the "good grounds" upon which the expert evidence rests.

*Id.* at 418. Moreover, an opportunity to demonstrate the expert's "good grounds" is particularly important when the court's ruling on admissibility turns, in large part, upon "the factual dimensions of the expert evidence." *Id.* We did not intend to suggest that an *in limine* hearing is always required for *Daubert* gatekeeping. Rather, we held that "when the ruling on admissibility turns on factual issues, . . ., at least in the summary judgment context, failure to hold [an *in limine*] hearing may be an abuse of discretion." *Id.* at 418.

*Padillas* does not apply to our current inquiry because here, the District Court held extensive *in limine* hearings—lasting almost five full weeks—during which the trial plaintiffs were certainly given the "opportunity to be heard" in defense of their experts' submissions. *Padillas* certainly does not establish that a District Court must provide a plaintiff with an open-ended and never-ending opportunity to meet a *Daubert* challenge until plaintiff "gets it right" and it certainly does not establish that a plaintiff must be given the opportunity to meet a *Daubert* challenge with an expert's submission that is based on a new methodology completely different from the one the expert originally engaged in.

Further, increase each footnote following added footnote 93 by one numeral.

**IT IS SO ORDERED.**