

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-24-2008

# Oparaji v. NE Auto-Marine

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-4142

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Oparaji v. NE Auto-Marine" (2008). *2008 Decisions*. Paper 329.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/329

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-4142
_____

MAURICE OPARAJI,

Appellant

v.

NORTH EAST AUTO-MARINE TERMINAL; A.T.I., U.S.A., INC.; RICARDO
FURFARO; HUAL NORTH AMERICA, INC. also known as AUTOLINERS INC.
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 04-cv-06445)
District Judge:  Honorable Katharine S. Hayden
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
September 2, 2008

Before: MCKEE, SMITH and CHAGARES, <u>Circuit</u> <u>Judges</u>

Opinion filed: October 24, 2008

_____

OPINION
_____

PER CURIAM

Pro se appellant Maurice Oparaji appeals from the District Court's: (1) judgment

in accord with the jury verdict entered October 23, 2007; (2) amended order entered

October 23, 2007, providing for the return of Oparaji's 1983 International Truck; and (3)

order entered November 9, 2007 denying Oparaji's motion under Federal Rules of Civil

Procedure 59 and 60. For the reasons discussed below, we will affirm the judgment and

orders entered by the District Court.

I.

In December 2004, Oparaji filed a complaint against North East Auto-Marine

Terminal ("NEAT"), A.T.I. U.SA., Inc. ("A.T.I."), Ricardo Furfaro, the president of

A.T.I., and HUAL North America, Inc. ("HUAL N/A"), for breach of contract, breach of

fiduciary duty, civil conspiracy, conversion, and negligent representation. The primary

issue at the October 2007 jury trial appeared to be whether the defendants breached their

contracts with Oparaji by failing to ship to Nigeria a 1983 International Truck that

Oparaji had delivered to NEAT.[1] On October 23, 2007, the jury determined that the

defendants entered into contracts with Oparaji, but did not breach the contracts or

otherwise cause harm to Oparaji. However, in making the finding that HUAL N/A and

A.T.I. formed a contract with Oparaji, the jury necessarily rejected the defendants'

apparent argument that they were agents of a disclosed principal and therefore could not

be liable to Oparaji. The District Judge then issued an order for the return of the truck to

Oparaji, which he had left at NEAT's property since May 2004. The first order for the

---

[1]     Because Oparaji did not order a trial transcript, our evaluation of the proceedings
below is based on the materials in the appendix and on the District Court docket.

return of the truck misstated the name of defendant HUAL N/A as HUAL A/S, so the District Court entered an amended order changing the name of the defendant to HUAL N/A.

Oparaji appealed from the judgment and from the order for return of his truck. Meanwhile, he filed in the District Court a motion under Rules 59 and 60 seeking relief from the jury verdict. The District Court denied the motion in November 2007, and Oparaji amended his appeal to request review of that order.

## II.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. Oparaji first makes numerous challenges to the jury instructions; however, because there is no indication that he objected to the instructions at trial, we review for plain error only. See Fed. R. App. P. 51(c); Collins v. Alco Parking Corp., 448 F.3d 652, 655 (3d Cir. 2006). Under this deferential standard, we will "reverse the trial court only where a plain error was fundamental and highly prejudicial, such that the instructions failed to provide the jury with adequate guidance and our refusal to consider the issue would result in a miscarriage of justice." Collins, 448 F.3d at 656 (quoting Franklin Prescriptions, Inc. v. New York Times, Co., 424 F.3d 336, 339 (3d Cir. 2005)).

Oparaji asserts that the jury instruction regarding the role and responsibilities of a freight forwarder was erroneous because it stated that freight forwarders are not directly involved in transporting the cargo and are not liable to the shipper. The instruction

3

continued by stating that "as long as a freight forwarder limits it role to arranging for transportation, it cannot be liable to the shipper of goods." The District Court told the jury that if it found that A.T.I. was a freight forwarder and did not breach its duties, then it "must find that ATI is not liable . . . for any damages related to the shipping of the vehicle." Oparaji appears to acknowledge that A.T.I. was a freight forwarder, but contends that it was directly involved in shipping the truck (*i.e.*, that it acted as a carrier) and was liable for damages. Thus, he requested that the District Court use an instruction stating, in part, that a freight forwarder "sometimes acts as an agent who arranges for the shipment of goods," and that its "responsibility to the shipper is often that of a carrier."

The District Court did not make a plain error (or any error) in using the instruction that it did, or in declining to use Oparaji's proposed instruction. A freight forwarder "generally make[s] arrangements for the movement of cargo at the request of clients and [is] vitally different from carriers . . . which are directly involved in transporting the cargo. Unlike a carrier, a freight forwarder does not issue a bill of lading, and is therefore not liable to a shipper for anything that occurs to the goods being shipped." Prima U.S. Inc. v. Panalpina, Inc., 223 F.3d 126, 129 (2d Cir. 2000) (internal citations omitted); see also 46 U.S.C.A. § 40102(18)(A) (defining "ocean freight forwarder"). The District Court properly defined "freight forwarder" and did not err by declining to use Oparaji's proposed instruction. Furthermore, if Oparaji believed that A.T.I. had acted as a carrier and was liable as such, it was his burden to prove that fact at trial. See Prima, 223 F.3d at

4

230 n.1. Finally, even if the District Court incorrectly described the role and responsibility of a freight forwarder, such an error would not have resulted in a miscarriage of justice because the jury found that A.T.I. did not breach its contract with Oparaji.

Oparaji also argues that the District Court erred by instructing the jury by using "hearsay statements" such as: "HUAL N/A and NEAT claim they were agents for a disclosed principal." According to Oparaji, the District Court also did not adequately guide the jury as to who was the principal. The jury instruction in question stated that the jury "may consider whether there was an agency relationship between HUAL N/A and NEAT. . . . If you find that the agent entered into a contract on behalf of the principal, and such a principal was known to the other contracting parties, then you must find that the agent was not a party to that contract."

Oparaji's argument is meritless for several reasons. First, a party's position on an issue as stated in a jury instruction is not hearsay for many reasons, including the fact that it is not "offered in evidence to prove the truth of the matter asserted." See Fed. R. Evid. 801(c) (defining hearsay). Second, "a party is entitled to a specific instruction on its theory of the case," if it is consistent with the evidence of the case, rather than a "general or abstract charge." 9C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2556 (2d ed.); see Massarsky v. Gen. Motors Corp., 706 F.2d 111, 134 (3d Cir. 1983). Third, even if, for some reason, Oparaji was correct that the instruction did

not give adequate guidance as to who the disclosed principal was, this error would be harmless, as the jury rejected HUAL N/A's and NEAT's agency defense and found that the defendants formed a contract with Oparaji.

Next, Oparaji contends that at trial he proved that A.T.I. and its president, Furfaro, breached their contract with him, and restates the arguments that he likely presented at trial. He merely disagrees with the jury's verdict, and this Court affords great deference to jury decisions, and will not reverse unless the record shows a miscarriage of justice or "the verdict . . . cries out to be overturned or shocks our conscience." Greenleaf v. Garlock, Inc., 174 F.3d 352, 366 (3d Cir. 1999) (internal citation omitted). Here, Oparaji fails to demonstrate that the jury's verdict "shocks" the conscience. The jury was entitled to believe that the defendants did not breach their contract and disbelieve Oparaji's version of events.

Oparaji next appeals from the District Court's order directing that the 1983 International Truck be returned to him. He has, however, failed to provide any legitimate basis for vacating the District Court's order. He merely reiterates his claim that the defendants breached their contract with regard to shipping the truck and implies that he should not have to deal with storing the vehicle, which is indisputably his property. Accordingly, we affirm the District Court's order directing that the 1983 truck be returned to Oparaji.

Finally, Oparaji appeals from the District Court's denial of his motion for relief

6

from the jury verdict under Rules 59 and 60.[2]  We review the denial of Rule 60 and Rule 59 motions for abuse of discretion.  Coltec Indus., Inc. v. Hobgood, 280 F.3d 262, 269 (3d Cir. 2002); Rotondo v. Keene Corp., 956 F.2d 436, 438 (3d Cir. 1992).  Here, Oparaji's arguments under Rules 59 and 60 focused on his unsubstantiated belief that the jury found the defendants to be not liable because it purportedly thought that HUAL A/S (which was not a defendant), rather than HUAL N/A or NEAT, was responsible for his damages.

Oparaji's Rule 60 argument asserted that the verdict should be vacated because he claimed that "the defendants fraudulently . . . disclosed Hual A/S as the principal," and the name of "Hual A/S was smuggled" into the jury deliberations.  The District Court did not abuse its discretion in rejecting these claims.  Oparaji provided no support for his assertion and did not explain why, even if the jury believed that HUAL A/S was the principal, this would have resulted in a verdict for the defendants.  Furthermore, Oparaji's argument again ignores that the jury rejected HUAL N/A's and NEAT's agency defense.

The District Court evaluated Oparaji's additional arguments under the rubric of Rule 59, as he contended that it was improper for the District Court to instruct the jury to determine whether HUAL N/A and NEAT were agents of HUAL A/S, and that the District Court violated the principle of collateral estoppel by admitting evidence of such

---

[2]    The District Court construed Oparaji's "Declaration" as a motion seeking relief from the jury verdict and for a new trial under Rules 59 and 60.

7

an agency relationship because the District Court had earlier determined that HUAL A/S was not involved in the lawsuit. The District Court found that his first argument failed because the jury determined that there were contracts between Oparaji and HUAL N/A and NEAT, and did not find that there was an agency relationship. Additionally, the jury instructions make no mention of HUAL A/S. The District Court rejected the collateral estoppel argument because it never made any determination as to whether HUAL A/S was the principal of HUAL N/A or NEAT. Oparaji has not put forward any legitimate argument as to how the District Court abused its discretion, and we find that the District Court correctly denied his motion as meritless.

For the foregoing reasons, we will the affirm the District Court's: (1) judgment entered on October 23, 2007, (2) amended order entered October 23, 2007; and (3) order entered November 9, 2007.