OPINION
PER CURIAM.
Maurice Oparaji appeals pro se from the District Court’s post-judgment order denying what we construe as his motion to hold defendants in contempt. We will affirm.
I.
Oparaji filed a complaint alleging that North East Auto-Marine Terminal (“NEAT”), among others, breached a contract with him to ship a truck fitted with dredging equipment to Nigeria and committed various related torts. Oparaji apparently had delivered the truck to NEAT, but defendants had not shipped it to Nigeria. On October 23, 2007, a jury returned a verdict in favor of the defendants on all counts.
That same day, the District Court entered an order (1) noting that Oparaji’s truck remained on NEAT’s property, (2) directing the United States Marshals Service to supervise the return of the truck to Oparaji, and (3) requiring the parties to cooperate with the Marshal’s directions.[1] Oparaji filed a motion to stay execution of that order. The District Court denied the motion, noting that defendants had no duty to store Oparaji’s truck and that its order merely required Oparaji to assume responsibility for his own property. See Oparaji v. N.E. Auto-Marine Terminal, No. 04-6445, 2007 WL 3226605, at *1 (D.N.J. Oct.29, 2007). Oparaji appealed from the jury verdict and the denial of his motion, and we affirmed in all respects. See Oparaji v. N.E. Auto-Marine Terminal, 297 Fed. Appx. 142, 146 (3d Cir.2008). Among other things, we noted that Oparaji “failed to provide any legitimate basis for vacating the District Court’s order” regarding the return of his truck and rejected his argument that “he should not have to deal with storing the vehicle, which is indisputably his property.” Id.
Approximately one year later, Oparaji filed the document at issue here, which he captioned merely as a “Judgment.” This time, Oparaji asserted that defendants had failed to return his truck as purportedly required by the District Court’s October 23 order and requested a monetary judgment in the amount of $198,750. Defendants filed declarations in opposition, *333 asserting that Oparaji had failed to cooperate with several requests by the Marshal to facilitate the return of his truck, that NEAT stored Oparaji’s truck for more than one year after the District Court’s order before ceasing business and closing its yard in November 2008, and that Oparaji’s truck had thereafter been “scrapped” by a third-party towing company. Defendants also requested that the District Court enjoin what they characterized as further vexatious litigation by Opa-raji. Oparaji did not contest any of defendants’ averments.
On December 8, 2009, the District Court entered an order captioned as an “order noticing plaintiff with respect to further filings in the within litigation.” The District Court noted that its October 23 order contemplated that Oparaji would retrieve his truck from NEAT and merely directed the Marshal to supervise that retrieval. The District Court further concluded that “[t]o the extent the plaintiff is exercising whatever rights to get his truck back that could be inferred from the Court’s order ... they were long ago extinguished when he failed to make arrangements to pick up the truck[.]” Finally, the District Court noted defendants’ requests for an injunction against further litigation, but instead merely put Oparaji “on notice that [it] will impose Rule 11 sanctions as required in the event of further meritless filings.” Oparaji appeals.
II.
We construe Oparaji’s “Judgment” as a motion to hold defendants in contempt and award monetary damages as compensation for their purported violation of the October 23 order. We have jurisdiction under 28 U.S.C. § 1291 to review the denial of the motion. See Berne Corp. v. Government of the Virgin Islands, 570 F.3d 130, 135 n. 10 (3d Cir.2009). We do so for abuse of discretion, and may reverse “only where the denial is based on an error of law or a finding of fact that is clearly erroneous.” Roe v. Operation Rescue, 54 F.3d 133, 137 (3d Cir.1995). “We review a district court’s interpretation of its own order for abuse of discretion” as well. Gibbs v. Frank, 500 F.3d 202, 206 (3d Cir.2007).
We perceive no abuse of discretion here. Oparaji argues that the District Court erred in failing to hold defendants in contempt because the October 23 order required them to return the truck or initiate its return. As the District Court explained, however, the October 23 order contemplated that Oparaji would assume responsibility for the truck, which he resisted doing for almost two years. The order did not require defendants to initiate that process or store the truck indefinitely until Oparaji decided to do so. To the contrary, the order required only that they cooperate with the Marshal’s directions in supervising the truck’s return. Oparaji does not allege that defendants failed to cooperate with the Marshal in any respect or otherwise impeded his ability to retrieve the truck. Nor does he challenge the District Court’s finding that he failed to make any arrangements to retrieve the truck himself.
Oparaji also argues that the District Court’s ruling deprived him of property without a hearing, but the ruling did nothing of the kind. Instead, it merely denied his request for monetary sanctions for defendants’ purported violation of the October 23 order. Finally, Oparaji argues that the District Court impermissibly enjoined him from future litigation. The District Court, however, merely noted the possibility of sanctions in the future, and did not *334 abuse its discretion in doing so.[2]
Accordingly, we will affirm. In addition to affirmance, certain defendants appear to request that we enter an order enjoining Oparaji from further vexatious litigation. We decline to do so at this time, but we will tax costs against Oparaji pursuant to Fed. R.App. P. 39(a)(2).

. The District Court entered two orders in this respect on October 23 (Dist. Ct. Docket Nos. 55 and 56). The second order is captioned as an "amended order” and merely amended the designation of one of the defendants contained in the first order. All references herein to the October 23 order are to the amended order, Docket No. 56.

. Oparaji raises several arguments that he did not present to the District Court. He argues, for example, that defendants committed the tort of conversion by “scrapping” his truck and that a new trial is required because defendants' assertion that his truck has been “scrapped” reveals that they misled the jury about the presence of his truck on NEAT's property. These arguments are beyond the scope of this appeal, but because the second argument concerns proceedings in the District Court we note that it lacks merit. NEAT asserted in the District Court that Oparaji’s truck was “scrapped” by a third-party towing company at some point after NEAT ceased doing business in November of 2008, which was over one year after the jury entered its verdict. That assertion has no bearing on the location of Oparaji’s truck at the time of trial.