NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-1649
_____

MAURICE OPARAJI,
                                        Appellant,
v.

NORTH EAST AUTO-MARINE TERMINAL; A.T.I.,
U.S.A., INC.; RICARDO FURFARO; HUAL
NORTH AMERICA, INC., a/k/a AUTOLINERS INC.
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civ. No. 2-04-cv-06445)
District Judge: Honorable Susan D. Wigenton
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
July 14, 2011

Before:  SCIRICA, SMITH and VANASKIE, Circuit Judges

(Opinion filed: July 18, 2011)
_____

OPINION
_____

PER CURIAM

Appellant Maurice Oparaji filed a civil action in 2004 in the United States District

Court for the District of New Jersey, alleging, in pertinent part, that North East Auto-

Marine Terminal and others breached a contract with him to ship a 1983 International

truck outfitted with dredging equipment from the Port of New York to Lagos, Nigeria.

Oparaji sought in excess of $815,000 in money damages.  On October 23, 2007, a jury

returned a verdict in favor of the defendants on all counts. "Briefly, a jury no-caused [Oparaji] on his allegations that the defendants had, among other things, converted his property, were in breach of contract, and had committed conspiracy and fraud." (District Court Order, 12/08/09, at 1.) That same day, the District Court, *sua sponte*, issued an order (1) noting that Oparaji's truck remained on North East Auto-Marine Terminal's property without cost to him since May, 2004, and (2) directing the United States Marshals Service to supervise the return of the truck to Oparaji.

Oparaji sought relief from the verdict under Rules 59 and 60, Fed. R. Civ. Pro., and he sought to enjoin the order concerning the return of his truck. With respect to the truck, the District Court determined that the defendants had no further obligation to store it; the court thus denied a stay. See Oparaji v. North East Auto-Marine Terminal, Inc., 2007 WL 3226605 (D.N.J. Oct. 29, 2007). Soon thereafter, the District Court denied Oparaji a new trial, rejecting his contention that the jury was somehow misled by the court's instructions on agency. The court also found unpersuasive Oparaji's allegations of fraud. Oparaji appealed, and we affirmed. See Oparaji v. North East Auto-Marine Terminal, 297 Fed. Appx. 142, 146 (3d Cir. 2008) (per curiam).

About a year later, Oparaji filed an item titled simply "Judgment," without citing any authority in the federal rules or statutes for the filing. In this "Judgment," Oparaji claimed that the defendants had failed to return his 1983 International truck and dredging equipment, and he demanded a money judgment in the amount of $198,750.00. The defendants' attorneys filed declarations in opposition to the "Judgment." North East Auto-Marine Terminal's attorney asserted that Oparaji had failed to cooperate with several requests by the U.S. Marshal to facilitate the return of his truck; and that North

2

East Auto-Marine Terminal had stored Oparaji's truck for more than one year after the District Court's Order, after which time it ceased doing business in November, 2008 and closed its yard. Oparaji's truck had thereafter been "scrapped" by a third-party towing company.

The District Court issued an order denying the "Judgment" requested by Oparaji. The court found that Oparaji's request "distort[ed]" its prior order and "upend[ed] the jury's verdict." (District Court Order, 12/08/09, at 2.) In accordance with circuit precedent, see Matter of Packer Ave. Associates, 884 F.2d 745 (3d Cir. 1989); Chipps v. United States Dist. Ct. for the Middle Dist. of Pa., 882 F.2d 72 (3d Cir. 1989); Gagliardi v. McWilliams, 834 F.2d 81 (3d Cir. 1987), the District Court gave Oparaji notice that it would impose Rule 11 sanctions in the event of further meritless filings. Oparaji appealed.

Construing the "Judgment" as a motion to hold the defendants in contempt of the District Court's October 23, 2007 order, we held that the District Court did not abuse its discretion in denying Oparaji's request for a money judgment and affirmed. See Oparaji v. North East Auto-Marine Terminal, 372 Fed. Appx. 331 (3d Cir. 2010) (per curiam). We explained:

> Oparaji argues that … the October 23 order required [the defendants] to return the truck or initiate its return…. [H]owever, the October 23 order contemplated that Oparaji would assume responsibility for the truck, which he resisted doing for almost two years. *The order did not require defendants to initiate that process or store the truck indefinitely* …. Oparaji does not allege that defendants failed to cooperate with the Marshal in any respect or otherwise impeded his ability to retrieve the truck. Nor does he challenge the District Court's finding that he failed to make any arrangements to retrieve the truck himself.

3

Id. at 333 (emphasis added). In concluding, we declined, for the time being, the defendants' request that we enjoin Oparaji from filing any further lawsuits. See id. at 334.

On July 8, 2010, Oparaji filed an actual motion for contempt and a separate motion for the recusal of United States District Judge Katharine S. Hayden. In his motion for contempt, Oparaji sought essentially the same relief as before; that is, he sought to hold the defendants in contempt for failing to comply with the District Court's October 23, 2007 order. In addition, Oparaji claimed that racial animosity on the part of the defendants was the reason why they never returned his 1983 International truck.

The case was reassigned to the Honorable Susan D. Wigenton for reasons that are not apparent from the record. Judge Wigenton, in an order entered on February 10, 2011, denied Oparaji's motion for contempt for the "same reasons stated in Judge Hayden's December 8, 2009 Opinion." Judge Wigenton denied Oparaji's motion to recuse as moot because Judge Hayden was no longer assigned to his case.[1] Oparaji then filed a motion for clarification and reconsideration, which Judge Wigenton denied in an order entered on March 2, 2011.

Oparaji appeals the order denying his motion for contempt. We have jurisdiction over the District Court's post-judgment order denying his motion for contempt under 28 U.S.C. § 1291. See Berne Corp. v. Gov't of the Virgin Islands, 570 F.3d 130, 135 n.10 (3d Cir. 2009).

_____

[1] A motion is moot when a court is unable to fashion any form of meaningful relief, see Artway v. Att'y Gen. of New Jersey, 81 F.3d 1235, 1246 (3d Cir. 1996). Granting Oparaji's motion would have been meaningless since his case was no longer assigned to Judge Hayden.

4

We will affirm. Our review of the denial of the motion for contempt is for an abuse of discretion. See Roe v. Operation Rescue, 54 F.3d 133, 137 (3d Cir. 1995). The abuse of discretion standard is met only where the District Court's decision is based on an erroneous conclusion of law, or where the record contains no evidence upon which the court rationally could have based that decision, or where the supposed facts found are clearly erroneous. See In re: TMI Litigation, 193 F.3d 613, 666 (3d Cir. 1999), as amended, 199 F.3d 158 (3d Cir. 2000).

We have already decided the issue presented by this appeal. Judge Hayden previously found that her order did not require the defendants to initiate the process of returning Oparaji's truck, or require the defendants to store the truck indefinitely, and, on appeal, we concluded that Judge Hayden's interpretation of her own order was not an abuse of discretion. See Oparaji, 372 Fed. Appx. at 333 (citing Gibbs v. Frank, 500 F.3d 202, 206 (3d Cir. 2007)). Oparaji's arguments have been properly rejected, and we find no basis in his brief on appeal for reconsideration of his arguments.

The jury found in favor of the defendants on all issues and Oparaji does not claim that the jury was racially biased. The District Court's October 23, 2007 order contemplated that Oparaji, having lost his breach of contract action, would take it upon himself to retrieve his truck from the property of defendant North East Auto-Marine Terminal. Instead, Oparaji abandoned his truck on the private property of North East Auto-Marine Terminal. His argument essentially is that the defendants owed him a duty in perpetuity to store the truck, but there is no legal basis for the argument on this record. Accordingly, the defendants are not liable for contempt of the District Court's October 23, 2007 order.

5

For the foregoing reasons, we will affirm the order of the District Court denying Oparaji's motion for contempt. Having considered Oparaji's arguments against an injunction, and finding them unpersuasive, we will grant the defendants' renewed request for an order enjoining Oparaji. We agree that the contempt motion was vexatious and that the truck-related claims are likely to continue absent some restriction on Oparaji. See Chipps, 882 F.2d at 73. Oparaji is hereby enjoined from filing any further pleadings, motions, or other items relating to these truck-related claims without prior authorization from the District Court.